Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2020 12:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV15545

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elaine Lu

1  Christina M. Coleman (SBN 192578)
   **LAW OFFICES OF CHRISTINA M. COLEMAN, APC**
2  5670 Wilshire Blvd., Suite 1800
   Los Angeles, CA  90036
3  Phone:  (323) 592-3605
   Fax: (323) 843-1715
4
   Attorney for Plaintiff,
5  MONICA BARNETT

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES, CENTRAL**

| | |
|---|---|
| 10  MONICA BARNETT, an individual, | Case No.   20STCV15545 |
| 11           Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| 12       v. | **1. DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| 13  COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through | **2. RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| 14  20, inclusive, | |
| 15           Defendants. | **3. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| 16 | |
| 17 | |
| 18 | **4. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| 19 | |
| 20 | **5. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| 21 | |
| 22 | **6. FOR DECLARATORY JUDGMENT; AND** |
| 23 | **7. WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| 24 | |
| 25 | **DEMAND OVER $25,000** |
| 26 | **[DEMAND FOR JURY TRIAL]** |

27       **COMES NOW PLAINTIFF, MONICA BARNETT,** and for causes of action against the

28  Defendants and each of them, alleges as follows:

**JURISDICTION**

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

**THE PARTIES**

2.     Plaintiff, MONICA BARNETT, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant COSTCO WHOLESALE CORPORATION (hereinafter referred to as "COSTCO") was and is a California corporation doing business in and around the County of Los Angeles, State of California.  Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, COSTCO owned and operated a chain of retail warehouse stores, including its store Inglewood at which Plaintiff worked.

4.     At all times relevant herein, COSTCO and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

6.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

7.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

8.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between COSTCO and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

11.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, COSTCO and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.      COSTCO is completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.      COSTCO and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.      COSTCO and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      COSTCO does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of COSTCO and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. COSTCO are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of COSTCO and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12.     Accordingly, COSTCO constitutes the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that COSTCO and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

1    enterprise, and that Plaintiff was an employee of COSTCO and DOES 1-20.   Plaintiff performed

2    services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

3    Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in

4    which Defendants' business was and is conducted.

5        14.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

6    between DOES 1-20, COSTCO, or any of them, (1) there is an express or implied agreement of

7    assumption pursuant to which COSTCO and/or DOES 1-20 agreed to be liable for the debts of the other

8    Defendants, (2) the transaction between COSTCO and/or DOES 1-20 and the other Defendants

9    amounts to a consolidation or merger of the two corporations, (3) COSTCO and/or DOES 1-20 are a

10   mere continuation of the other Defendants, or (4) the transfer of assets to COSTCO and/or DOES 1-20

11   is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, COSTCO and/or

12   DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

13

14                              **FACTUAL ALLEGATIONS**

15       15.    Plaintiff began working for COSTCO on July 3, 1991 as a Packer.  Over the next 28

16   years, Plaintiff was a loyal and valued employee, performing her job duties satisfactorily, and rising the

17   ranks to various higher positions with COSTCO, even some management positions.

18       16.    In November 2017, Plaintiff suffered a workplace injury, causing injuries to her knees

19   and wrist.  Plaintiff was given work restrictions, and shortly thereafter, Plaintiff was put on a workers'

20   compensation disability leave of absence.

21       17.    In August 2018, Plaintiff was released back to work with restrictions.  On August 23,

22   2018, a Job Assessment Meeting was held during which COSTCO claimed to be unable to

23   accommodate Plaintiff in her then position (Stocker/Front-end Cashier) through any job modifications

24   because each job task allegedly had "the potential" to violate Plaintiff's restrictions.  Plaintiff made

25   certain suggestions as to ways to accommodate her, but her suggestions were ignored, and COSTCO

26   did not even include the suggestions in the meeting notes.  COSTCO also claimed it did not have any

27   full-time positions at Plaintiff's pay level at her then location that were vacant to offer her.  As a result,

28   no accommodation was offered, no alternative position was offered, and Plaintiff was forced to remain

1   on a leave of absence.  At no time during this Job Assessment Meeting did COSTCO consider vacant
2   positions at other Costco locations, nor even look for any.

3       18.     In January 2019, Plaintiff asked if she could return to work on a trial basis with lightened
4   restrictions, to see if she could do the work given her physical condition.  The warehouse manager,
5   Russell Lee, rejected Plaintiff's request, and stated she would have to have zero restrictions to be able to
6   return, even on a trial basis.  Plaintiff persuaded her to doctor to remove her restrictions entirely so she
7   could go back to work on a trial basis to see if she could tolerate the work.   Without any
8   accommodations of the restrictions that Plaintiff asked her doctor to remove, Plaintiff could not tolerate
9   the work beyond the first week, and had to return to her doctor to have the restrictions reinstated.

10      19.     Between August 23, 2018 and May 7, 2019, while Plaintiff was forced to remain on a
11  leave of absence, COSTCO purportedly sent to Plaintiff postings for all available positions at or below
12  her job classification, for Plaintiff's Costco location, as well as from four other locations at which
13  Plaintiff had expressed a willingness to work.  Plaintiff subsequently learned that there were multiple
14  job postings for which she was qualified that were never sent to her and for which she had no
15  opportunity to express interest.  Further, though COSTCO sent some job postings to Plaintiff, there was
16  no discussion as to any of them whether any of those open positions could be modified in some respect
17  so that Plaintiff's restrictions could be accommodated.  Plaintiff was left on her own to determine if she
18  could do the job as indicated on the posting without any accommodations of her permanent restrictions.
19  There were several postings that, had Plaintiff been told that the duties could possibly be modified to
20  accommodate her, she would have been interested in.

21      20.     On May 6, 2019, another Job Assessment Meeting was held, during which Plaintiff's
22  permanent restrictions and the ability to accommodate were discussed.  Once again COSTCO claimed
23  to be unable to accommodate Plaintiff in her most recent position (Stocker/Front-end Cashier) through
24  any job modifications because each job task allegedly had "the potential" to violate Plaintiff's
25  restrictions.  COSTCO also claimed it did not have any job openings at all at her then location that were
26  vacant to offer her.  As a result, no accommodation was offered, no alternative position was offered,
27  and Plaintiff was again forced to remain on a leave of absence.  At no time during this Job Assessment
28  Meeting did COSTCO consider vacant positions at other Costco locations, nor even look for any, with

COMPLAINT FOR DAMAGES

the excuse that it had sent Plaintiff the job postings and she had not expressed any interest.  At this meeting, COSTCO advised Plaintiff that it would review internal job postings within Plaintiff's classification and below that came available for at least two weeks, and would forward the information to her, but also indicated that, if at the conclusion of this time period, Plaintiff had not been placed in a position, the next discussion would be to separate her employment.

21.     Following the May 6, 2019 Job Assessment Meeting, COSTCO sent Plaintiff a letter in which COSTCO stated that, if Plaintiff had not contacted it by May 21, 2019 to (1) show interest in the postings sent; (2) with changed work restrictions; or (3) consideration of additional locations (non-union and/or geographically undesirable), then COSTCO believed it appropriate to separate her employment.  COSTCO offered Plaintiff the option of resigning in lieu of an involuntary termination, and even enclosed a resignation form for Plaintiff's convenience, reiterating that if the completed resignation form was not received by May 21, 2019, she would be involuntarily terminated.

22.     On May 17, 2019, Plaintiff sent an email to the Regional Manager and others in corporate protesting what she believed was discrimination, the failure to accommodate, the failure to engage in the interactive process with her in good faith (failing to offer suggestions on accommodation and rejecting each of hers without good cause), and trying to force her out.  Plaintiff also stated in this email she felt targeted for retaliation for having made a workers' compensation claim.

23.     Plaintiff obtained from the union at least two job postings that had not previously been sent to her.  These postings were for openings that were still open and available during the two-week period that COSTCO claimed it would be looking internally for jobs for Plaintiff, but still these positions had not been mentioned.  One was for a Membership position, and the other was an Admin Back-Up position.  When Plaintiff confronted the Regional Manager, Shawn Park, about the postings, he denied knowing about them and even said "you shouldn't have been sent these."  At the time of this discussion, the Membership position that Plaintiff wanted was still available.  Despite this, and even after Plaintiff brought it to COSTCO's attention, COSTCO made excuses for why Plaintiff could not have the positions, and repeatedly told her "You don't want that" even while Plaintiff was expressing that she did want the job.  For the Membership position, COSTCO claimed she "might" have to lift something heavy.  Plaintiff suggested that if there was an occasion she had to lift something over her

1    weight restriction, she could get assistance on those sporadic occasions, but COSTCO rejected the
2    suggestion.  For the Back-Up Admin position, the Regional Manager again had numerous excuses for
3    why Plaintiff could not have the position: It's vault only, it's at night, it's not available, you don't want
4    that.  When Plaintiff again stated she would take it, the Regional Manager falsely stated it was not
5    available, even though the union shop steward had already confirmed it was.  Another excuse the
6    Regional Manager gave was that these were part-time positions.  Plaintiff confirmed to the Regional
7    Manager that, by this point, she was willing to consider part-time to save her job.

8         24.    After Plaintiff sent her May 17, 2019 email, COSTCO offered Plaintiff what it claimed
9    was her only option: a non-union optical assistant position.  Not only was the optical department the
10   only department within the Costco store in which Plaintiff had no experience, but it was a non-union
11   position and Plaintiff was a union employee, entitled to be accommodated with a union position.
12   Fearing she would be terminated if she did not accept this position, Plaintiff accepted it, but made her
13   reservations clear, expressed her fear of retaliation, and again expressed she had previously experienced
14   harassment and discrimination throughout this process.   COSTCO still did not offer Plaintiff the open
15   Membership Position or the Admin Back-Up Position in which she had expressed interest.

16        25.    Plaintiff went through the training for the Optical Assistant Position, which was tedious,
17   outside the scope of her experience, and a non-union position.  Plaintiff was aware that this position had
18   a high degree of turnover, and after going through training, concluded that the reason COSTCO had
19   offered this position as the only option was to ensure she would fail, and would either be terminated or
20   want to resign.  On September 1, 2019, Plaintiff resigned because of her medical restrictions and
21   COSTCO's refusal to reasonably accommodate them.  Though COSTCO sent a letter to Plaintiff asking
22   her to reconsider her decision, and even conducted another purported job assessment on September 27,
23   2019, COSTCO still failed to offer Plaintiff one of the other open positions in which she had expressed
24   interest, which were union positions and within her area of experience, or any other position, and
25   refused to even consider Plaintiff for any other position beyond the non-union Optical Assistant
26   Position.

27        26.    Plaintiff believes the decisions to refuse to reinstate her to a comparable union position,
28   to coerce her resignation, and to separate her employment was because of her disability and/or

1   perceived disability, and COSTCO's unwillingness to accommodate Plaintiff or even attempt in good
2   faith to accommodate Plaintiff.  Plaintiff could have continued and/or resumed performing her job
3   duties with or without a reasonable accommodation following her release back to work in August 2018,
4   but COSTCO failed to engage in the interactive process in good faith to permit Plaintiff's return to work
5   in her prior or any position, and failed to accommodate Plaintiff's physical condition.  Plaintiff also
6   believes she was retaliated against for having exercised her right to request an accommodation of her
7   physical disability, and for protesting COSTCO's failures to return her to work, and resisting what she
8   perceived to be harassment, discrimination and retaliation.

9         27.     Plaintiff's employment with Defendants was constructively terminated effective
10  September 30, 2019.

11        28.     At all relevant times, Defendants failed to properly engage in a good faith interactive
12  process in an effort to properly accommodate Plaintiff's disability and/or such that Plaintiff could
13  continue working for Defendants, including by rejecting Plaintiff's suggestions as to possible ways to
14  accommodate her and failing to even document the suggestions, and failing to consider Plaintiff for
15  vacant positions at other work locations.

16        29.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even
17  though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position
18  with or without accommodations, including by concealing job openings from Plaintiff and refusing to
19  consider modification of open positions such that Plaintiff could perform the position with
20  accommodation.

21        30.     Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived
22  disability, request for accommodation, and/or engagement in protected activities, without a legitimate,
23  good-faith discussion of disability accommodations or any good faith attempt to engage in the
24  interactive process with Plaintiff.  Defendants' discriminatory animus is evidenced by the previously
25  mentioned facts.

26        31.     Defendants' conduct described herein was undertaken, authorized, and/or ratified
27  Defendants' officers, directors and/or managing agents, including, but not limited to those identified
28  herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect

1  and/or create policy for Defendants. The aforementioned conduct of said managing agents and
2  individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of
3  the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and
4  approved by managing agents whose precise identities are unknown to Plaintiff at this time and are
5  therefore identified and designated herein as DOES 1 through 20, inclusive.

6      32.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer
7  general and special damages, including severe and profound pain and emotional distress, anxiety,
8  depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for
9  psychological counseling and treatment, and past and future lost wages and benefits.

10     33.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
11  commissions, benefits and loss or diminution of earning capacity.

12     34.    Plaintiff claims general damages for emotional and mental distress and aggravation in a
13  sum in excess of the jurisdictional minimum of this Court.

14     35.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or
15  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious
16  disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive
17  damages be levied against Defendants and each of them, in sums in excess of the jurisdictional
18  minimum of this Court.

19

20                          **FIRST CAUSE OF ACTION**

21     **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

22                          **AGAINST ALL DEFENDANTS**

23     36.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as
24  though set forth in full herein.

25     37.    At all times hereto, the FEHA was in full force and effect and was binding upon
26  Defendants and each of them.

27

28

-10-

38.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability, real or perceived, and to prevent discrimination on the basis of disability, real or perceived, use of medical leave, and engagement in protected activities from occurring.

39.     Plaintiff was a member of a protected class as a result of Plaintiff's disability, and/or the perception that Plaintiff was suffering from a disability.

40.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

41.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

42.     Plaintiff is informed and believes that Plaintiff's disability, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

43.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

44.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

45.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

46.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

47. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

48. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

49. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

50. Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's disability, real or perceived, and use of medical leave.

51. Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

52. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

53. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

54. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

55. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

56.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

57.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

58.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
### IN VIOLATION OF GOV'T CODE §12940(k)
### AGAINST ALL DEFENDANTS

59.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

60.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

61.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

62.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

63.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

64.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

65.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

66.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or of an employee.

67.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and of which Defendants had both actual and constructive knowledge.

68.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that or another position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or,

actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

69.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

70.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

71.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

72.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

73.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

74.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing

-15-

duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability and/or becoming aware of the employee's need for accommodation.

75.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and of which Defendants had both actual and constructive knowledge.

76.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so in good faith.   Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have a good faith dialogue with Plaintiff on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

77.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

78.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

79.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

1      80.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

2  attorneys' fees and costs, including expert fees pursuant to the FEHA.

3

4                    **SIXTH CAUSE OF ACTION**

5              **FOR DECLARATORY JUDGMENT**

6              **AGAINST ALL DEFENDANTS**

7      81.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 80, inclusive,

8  as though set forth in full herein.

9      82.    Government Code §12920 sets forth the public policy of the State of California as

10  follows:

11          It is hereby declared as the public policy of this state that it is necessary to
             protect and safeguard the right and opportunity of all persons to seek,
12         obtain, and hold employment without discrimination or abridgment on
             account of race, religious creed, color, national origin, ancestry, physical
13         disability, mental disability, medical condition, genetic information,
             marital status, sex, gender, gender identity, gender expression, age, or
14         sexual orientation.

15          It is recognized that the practice of denying employment opportunity and
             discriminating in the terms of employment for these reasons foments
16         domestic strife and unrest, deprives the state of the fullest utilization of its
             capacities for development and advancement, and substantially and
17         adversely affects the interests of employees, employers, and the public in
             general.
18

19          Further, the practice of discrimination because of race, color, religion,
             sex, gender, gender identity, gender expression, sexual orientation,
             marital status, national origin, ancestry, familial status, source of income,
20         disability, or genetic information in housing accommodations is declared
             to be against public policy.
21

22          It is the purpose of this part to provide effective remedies that will
             eliminate these discriminatory practices.

23          This part shall be deemed an exercise of the police power of the state for
             the protection of the welfare, health, and peace of the people of this state.
24

25      83.    Government Code §12920.5 embodies the intent of the California legislature and

26  states:

27

28          In order to eliminate discrimination, it is necessary to provide effective
             remedies that will both prevent and deter unlawful employment practices
             and redress the adverse effects of those practices on aggrieved persons.

-17-

To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

84. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

85. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's disability and/or perceived disability, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's disability and/or perceived disability, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's, disability and/or perceived disability, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

86. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's perceived or actual disability, engagement in protected activities, and/or some combination of these protected characteristics.

87. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's perceived or actual disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

-18-

88.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

89.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

90.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

## SEVENTH CAUSE OF ACTION

## FOR WRONGFUL TERMINATION

## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST ALL DEFENDANTS

91.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

92.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

93.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, real or perceived, use of medical leave and/or engagement in protected activity.

94.    Plaintiff believes and thereon alleges that Plaintiff's disability, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

95.    Such discrimination and retaliation, resulting in the wrongful constructive termination (forced resignation) of Plaintiff's employment on the basis of disability, real or perceived, or use of medical leave, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

96.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and constructively terminating Plaintiff's employment in retaliation for exercise of protected rights.

97.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

98.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof, as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

1   together with interest on these amounts; for other special damages; and for general damages for mental

2   pain and anguish and emotional distress and loss of earning capacity;

3       2.    For prejudgment interest on each of the foregoing at the legal rate from the date the

4   obligation became due through the date of judgment in this matter.

5       **WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an

6   amount according to proof, as follows:

7       3.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and

8   condemning Defendants' discriminatory practices;

9       4.    For injunctive relief barring Defendants' discriminatory employment policies and

10   practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

11       5.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish

12   Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

13       6.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or

14   any other basis;

15       7.    For post-judgment interest; and

16       8.    For any other relief that is just and proper.

17   DATED: April 23, 2020           **LAW OFFICES OF CHRISTINA M. COLEMAN**

18                            **A PROFESSIONAL CORPORATION**

19

20                 By: _____

21                       Christina M. Coleman, Esq.
                              Attorney for Plaintiff
                              MONICA BARNETT

22                       **JURY TRIAL DEMANDED**

23       Plaintiff demands trial of all issues by jury.

24   DATED: April 23, 2020           **LAW OFFICES OF CHRISTINA M. COLEMAN**

25                            **A PROFESSIONAL CORPORATION**

26

27                 By: _____

28                       Christina M. Coleman, Esq.
                              Attorney for Plaintiff
                              MONICA BARNETT

-21-